# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN BROWNING, et al., | : | Case No. 3:15-cv-02687-JGC |
| | : | |
| Plaintiffs, | : | (Judge James G. Carr) |
| | : | |
| vs. | : | **PARTIAL MOTION TO DISMISS OF** |
| | : | **DEFENDANTS UNIVERSITY OF** |
| UNIVERSITY OF FINDLAY BOARD | : | **FINDLAY BOARD OF TRUSTEES,** |
| OF TRUSTEES, et al., | : | **UNIVERSITY OF FINDLAY, DAVID W.** |
| | : | **EMSWELLER, BRANDI LAURITA,** |
| Defendants. | : | **MATTHEW BRUSKOTTER, RACHEL** |
| | : | **WALTER, KEN WALERIUS, BRIAN** |
| | : | **TREECE and BREANNA ERVIN** |
| | : | **MILLER** |

Defendants, University of Findlay Board of Trustees, University of Findlay, David W. Emsweller, Brandi Laurita, Matthew Bruskotter, Rachel Walter, Ken Walerius, Brian Treece and Breanna Ervin Miller, by and through counsel, move this Court pursuant to Civ.R. 12(b)(2) and 12(b)(6) to dismiss certain claims asserted in Plaintiffs' Complaint. The Board of Trustees moves for dismissal of the entire Complaint against it, as the Board of Trustees is not an entity separate from the University of Findlay, and therefore, may not be sued. Defendant Brian Treece also moves for dismissal of the Complaint entirely, as it fails to allege any wrongful conduct on his part. Moreover, each of the Individual Defendants and the Board of Trustees move for dismissal of Count I and Count III of Plaintiffs' Complaint, as these claims attempt to seek an award of damages against these Defendants despite clear statutory language and controlling case law foreclosing such claims against individuals and entities like the Board of Trustees, which do not receive federal funds. Each of the Individual Defendants and the Board of Trustees further move this Court to dismiss Count V and Count VI as there is no individual liability alleged as to the breach of contract or promissory estoppel theories. All Defendants request that this Court dismiss

Count X because Ohio law does not recognize a cause of action for negligent infliction of emotional distress without accompanying physical peril. Finally, the Individual Defendants and the Board of Trustees request that this Court dismiss Count XI as this claim seeks relief from the University of Findlay alone. This Motion is supported by the attached Memorandum of Law.

Respectfully submitted,

KOHNEN & PATTON, LLP

/s/ K. Roger Schoeni

| | |
|---|---|
| K. Roger Schoeni (0004812) | Gerald R. Kowalski (0022323) |
| Colleen M. Blandford (0061877) | Lisa E. Pizza (0022881) |
| Rebecca L. Cull (0083542) | Sarah K. Skow (0081468) |
| 201 East Fifth Street | SPENGLER NATHANSON P.L.L. |
| PNC Center, Suite 800 | Four SeaGate, Suite 400 |
| Cincinnati, OH 45202 | Toledo, OH 43604-2622 |
| Phone: (513) 381-0656/Fax: (513) 381-5823 | Phone: (419) 252-6239/Fax: (419) 241-8599 |
| email: rschoeni@kplaw.com | gkowalski@snlaw.com |
| cblandford@kplaw.com | lpizza@snlaw.com |
| rcull@kplaw.com | sskow@snlaw.com |
| Attorneys for Defendants University of Findlay Board of Trustees, et al. | Attorneys for Defendants University of Findlay Board of Trustees, et al. |

## MEMORANDUM OF LAW

**I.   INTRODUCTION**

Plaintiffs Justin Browning and Alphonso Baity have sued the University of Findlay ("the University"), its Board of Trustees, and its employees David Emsweller, Brandi Laurita, Matthew Bruskotter, Rachel Walter, Ken Walerius, Brian Treece and Breanna Ervin Miller with regard to the University's investigation into and determination of a complaint of sexual assault against Plaintiffs.[1]  Plaintiffs also sued the individual who accused them of sexually assaulting her, Defendant M.K., who is represented by separate counsel. As will be demonstrated as this case progresses, the University investigated and determined the outcome of this complaint in

---

[1] Defendants dispute the accuracy of a number of the allegations contained in Plaintiffs' Complaint. However, as required by Civ.R. 12(b)(6), and for purposes of this Motion only, Defendants accept as true the allegations pled. As set forth within, even accepting as those allegations as true, a number of Plaintiffs' claims lack merit entirely.

2

good faith. Moreover, the University did not discriminate against Mr. Browning or Mr. Baity either on the basis of their race or gender, and did not intentionally or negligently inflict any unwarranted harm on these men.

It is important to note that this is not a criminal case, nor was the University of Findlay's investigation and sanction a criminal process, and no criminal standards are at issue in either this suit or the University of Findlay's process. Instead, this is a civil case challenging the actions of the University of Findlay and its employees in investigating and resolving an allegation that University policy was violated.

As alleged in the Complaint, on October 1, 2014, a female student (M.K.) reported to the University that she had been sexually assaulted by Mr. Browning and Mr. Baity. (Complaint, ¶108). The University began an investigation into the report that included interviewing several witnesses, Mr. Browning and Mr. Baity. (Complaint, ¶¶109, 111, 112, 118). After conducting these interviews, the University's investigative team was satisfied that a preponderance of the evidence[2] collected showed that Mr. Browning and Mr. Baity violated University policy by engaging in sexual conduct with a female student who, at the time, was unable to consent to that conduct due to the amount of alcohol she had consumed that evening. Having made their findings, the investigative team considered the appropriate sanction for Plaintiffs' conduct and reasoned that these violations of University policy warranted expulsion. On October 3, 2014, Mr. Browning and Mr. Baity were informed of this outcome. (Complaint, ¶128).

---

[2] On April 4, 2011, the U.S. Department of Education, Office of Civil Rights issued the "Dear Colleague Letter", providing the Department's first substantive guidance on addressing sexual harassment and assault since 2001. The Letter, as guidance issued by a federal agency, is entitled to substantial deference in interpreting and applying Title IX. See *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837, 844 (1984). The Dear Colleague Letter provides that schools must use a "preponderance of the evidence" standard in resolving complaints of sexual assault. (Dear Colleague Letter, p.10-11).

In their Complaint, Plaintiffs allege that all of the acts and/or omissions of University of Findlay employees Emsweller, Laurita, Bruskotter, Walter, Walerius, Treece and Miller (herein collectively "Individual Defendants") "occurred within the course and scope of [his or her] employment with the University." (Complaint, ¶¶ 11-17). The sole allegation against Mr. Treece in the Complaint is paragraph 16, which identifies his position with the University, his race and his state of residency, and alleges he acted within the course and scope of his employment. By contrast, with regard to the other Individual Defendants, each of them is alleged to have committed some specific act such as interviewing witnesses, sending the expulsion letters, failing to share others' concerns about the matter, or denying the appeals. (Complaint, ¶¶118, 128, 132, 133, 135).  Importantly, however, there are no allegations against any of the Individual Defendants of any acts or failures to act outside the course and scope of their employment.

Even taking as true the allegations in Plaintiffs' Complaint – which Civ.R. 12(b)(6) requires at this early stage – it is apparent that Plaintiffs are grasping at any possible claim, and as a result, have included several which lack any merit whatsoever. Many of the claims made against the Individual Defendants specifically named herein have no legal basis, and form the grounds for portions of the Motion to Dismiss below.

The claims against the Board of Trustees likewise lack legal basis and should be dismissed. At paragraph 9 of their Complaint, Plaintiffs allege "[t]he Board of Trustees is being named as a defendant in this action to the extent that it is the proper party with standing and/or is the real party in interest to defend this action against the University of Findlay." (Complaint, ¶9). As discussed in more detail below, as a matter of established Ohio law, the Board of Trustees is not the proper party; it is not the real party in interest; and it is not capable of being sued as a body separate and apart from the University. As such, this Court lacks personal jurisdiction over

the Board of Trustees, and the Board of Trustees moves this Court to dismiss it as a party to this suit.

Additionally, as discussed in more detail below, some of the Counts in Plaintiffs' Complaint do not state causes of action against some or all of the parties, and should be dismissed. For example, Counts I, III, V, VI and XI do not adequately allege claims against the Individual Defendants and the Board of Trustees. Likewise, Ohio law plainly does not support the cause of action for negligent infliction of emotional distress in Count X, given the factual scenario at issue here. For these reasons and those addressed more fully below, Defendants respectfully request that this Court dismiss the claims discussed herein.

**II.    LAW AND ARGUMENT**

    **A.    Plaintiffs' Complaint Fails to State a Cause of Action Against the Board of Trustees.**

At paragraph 9 of their Complaint, Plaintiffs allege "[t]he Board of Trustees is being named as a defendant in this action to the extent that it is the proper party with standing and/or is the real party in interest to defend this action against the University of Findlay." (Complaint, ¶9). Indeed, as a matter of established Ohio law, the Board of Trustees is not the proper party; it is not the real party in interest; and it is not capable of being sued as a body separate and apart from the University. As such, this Court lacks personal jurisdiction over the Board of Trustees, and the Board of Trustees moves this Court to dismiss it as a party to this suit.

Ohio courts have plainly confirmed that "a non-profit corporation's board of directors is not an entity separate from the corporation which is capable of being sued. It cannot hold property or sue in its own name. It is made up of individuals who can only be held liable for corporate torts in their individual capacities if they participated in the tortious conduct… The law does not consider the body known as a corporation's board of directors to be its own corporate

5

entity." *Flarey v. Youngstown Osteopathic Hosp.*, 151 Ohio App.3d 92, 2002-Ohio-6899, ¶4; *McCarty v. River Pines RV Resort Condo. Ass'n.*, 951 N.E.2d 165, 2011-Ohio-3460, ¶17. "As a practical matter, it would be nonsensical to hold a board of directors liable as a collective entity. A board of directors may not own property in its own name. Thus, any judgment against it could not be recovered from the collective group… Thus, such a suit would be, for all practical purposes, pointless." *Flarey*, 2002-Ohio-6899, ¶13.

In Plaintiffs' Complaint, there are no allegations of wrongdoing committed by any member of the Board of Trustees. In fact, virtually all of the allegations against the Board of Trustees are made by inappropriately defining the term "University" to include both the University of Findlay and its Board of Trustees. (Complaint, ¶10). Plaintiffs thereby attempt to attribute all allegations against the University to the Board of Trustees as well. However, rather than stating a cause of action against the Board of Trustees, this pleading scheme only reinforces the statement of law above: the Board of Trustees is not a separate body capable of being sued. The University is the proper party to be sued for any alleged misconduct by the Board of Trustees as a collective body, and the University has been named as a party in this suit. Because Ohio law does not recognize separate liability on behalf of the Board of Trustees as a body, the University of Findlay Board of Trustees requests that this Court dismiss Plaintiffs' Complaint against it.

    **B.**    **Plaintiffs' Complaint Fails to State a Cause of Action Against Brian Treece.**

The sole allegation against Defendant Brian Treece in the Complaint is contained in paragraph 16 thereof: "Defendant Brian Treece ("Treece"), is the University's Assistant Dean of Students and Director of Resident Life. He is Caucasian. Upon information and belief, he is a

6

resident of Ohio. All of his acts and/or omissions occurred within the course and scope of his employment with the University." There are **no** subsequent allegations regarding Mr. Treece.

By contrast, with regard to the other Individual Defendants, each of them is alleged to have committed some specific act: at paragraph 118, the Complaint alleges that Mr. Bruskotter, Ms. Laurita, Ms. Walter, and Mr. Walerius interviewed Plaintiffs; at paragraph 128, the Complaint alleges that Mr. Bruskotter sent Plaintiffs the "Expulsion Letters"; at paragraph 132 and 133, the Complaint alleges that Ms. Miller was made aware of another student's concerns about the matter and failed to inform the University; and at paragraph 135, the Complaint alleges that Mr. Emsweller denied Plaintiffs' appeals.

With regard to Mr. Treece, the Complaint does not allege that Mr. Treece acted or failed to act in any way in connection with the other allegations. The Complaint does not allege that Mr. Treece supervised or authorized any of the allegedly wrongful conduct. The Complaint does not even allege that Mr. Treece had knowledge of the events described therein. There are simply no allegations whatsoever to establish that Mr. Treece might be liable in any way for Plaintiffs' alleged injuries. Because the Complaint fails to make a single factual allegation to support a finding of liability on any theory against Mr. Treece, Mr. Treece respectfully requests that he be dismissed from this lawsuit.

    **C.    Count I Fails to State a Claim Against any Individual Defendant or the Board of Trustees.**

Plaintiffs assert in Count I of their Complaint, paragraphs 145-163, that they were impermissibly subjected to racial discrimination in Findlay's efforts to resolve the complaint of sexual assault made against them. Plaintiffs allege that this conduct violated Title VI of the Civil Rights Act of 1964. That statute states:

7

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. These claims, which require proof of intentional discrimination, may only be asserted against "the entity … receiving the financial assistance." *Foster v. Michigan*, 573 Fed. Appx. 377, 389-390 (6th Cir. 2014), quoting *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1357 (6th Cir. 1996). Thus, in a Title VI case, "the proper defendant 'is an entity rather than an individual.'" *Brooks v. Skinner*, No. 1:14-cv-412, 2015 U.S. Dist. LEXIS 140546 (N.D. Ohio, Oct. 15, 2015), citing *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 95 F. Supp.2d 723, 741 (N.D. Ohio, 2000). "It is beyond question that individuals are not liable under Title VI." *Id.*, citing *Shotz v. City of Planation, Fla.*, 344 F.3d 1161, 1171 (11th Cir. 2003).

Thus, it is abundantly clear that Plaintiffs' claims against all Individual Defendants and the Board of Trustees asserted in Count I lack any merit and must be dismissed.

### D. Count III Fails to State a Claim Against any Individual Defendant or the Board of Trustees.

Plaintiffs assert in Count III of their Complaint, paragraphs 175-196, that they were impermissibly subjected to gender discrimination in Findlay's efforts to resolve the complaint of sexual assault made against them. Title IX is a federal statute designed to prevent sexual discrimination and harassment in educational institutions receiving federal funding. 20 U.S.C. § 1681. The statute provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance…

20 U.S.C. § 1681(a).

8

Consistently, courts within the Sixth Circuit and around the country have determined that this statute does not impose individual liability on a defendant. *See, e.g., Petrone v. Cleveland State University*, 993 F.Supp. 1119, 1125 (N.D. Ohio 1998); *Zimmer v. Ashland University*, No. 1:00cv0630, 2001 U.S. Dist. LEXIS 15075 (N.D. Ohio Sept. 5, 2011); *Smith v. Metropolitan School Dist. Perry Townshp.*, 128 F.3d 1014, 1018-1019 (7th Cir. 1997)(collecting cases rejecting individual liability under Title IX); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 901 (1st Cir. 1988); *Nelson v. Temple University*, 920 F. Supp. 633 (E.D. Pa. 1996); *Clay v. Bd. of Trustees of Neosho County Community College*, 905 F.Supp. 1488, 1495 (D. Kan. 1995); *Doe v. Petaluma City School Dist.*, 830 F.Supp. 1560, 1567 (N.D. Cal. 1993). "On its face, § 1681(a) is limited to education programs or activities receiving Federal financial assistance. Thus, … there is no individual liability because 'program or activity' refers to the educational institution, not to its employees or agents." *Petrone*, 993 F.Supp. at 1125. *See also Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 730 (6th Cir. 1996) (Nelson, J., concurring): "I do not believe that Title IX can appropriately be read as subjecting anyone other than educational institutions to liability for violation of its terms."

As with the claims asserted against the Individual Defendants and the Board of Trustees in Count I, the claims asserted in Count III against these same Individual Defendants similarly lack any merit and must be dismissed.

  **E.  Count V and Count VI Fail to State a Claim Against any Individual Defendant or the Board of Trustees.**

Count V of Plaintiffs' Complaint, paragraphs 214-222, and Count VI of Plaintiffs' Complaint, paragraphs 223-227, allege breach of contract and promissory estoppel and purport in

their captions to be against "University Defendants."³ However, the paragraphs comprising the breach of contract and promissory estoppel causes of action refer only to conduct of "the University," and not to any conduct of any Individual Defendants. (Complaint, ¶¶215, 217-222, 224-227).  Accordingly, the Individual Defendants and Board of Trustees move this Court to dismiss Count V and Count VI of Plaintiffs' Complaint against them for failure to state a claim.

Additionally, it is settled law in Ohio that where an agent enters into a contract on behalf of a disclosed principal, the agent is not personally liable for that contract so long as he is acting within the scope of his authority and acting in the name of the principal. *Castillo v. Associated Pathologists, Inc.*, 2006-Ohio-6459, ¶22; *Foster v. Lee Motors, Inc.*, 102 Ohio App. 10, 13 (1956). "Promissory estoppel is a *quasi*-contractual claim." *Castillo* at ¶22.  In *Castillo*, the court found that a claim of promissory estoppel against an individual "must fail absent a showing that either he was not acting within his capacity as an agent of [the company] or was not acting in the name of [the company]."  *Id.; Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 854 (6th Cir. 1990); *Harris v. Blockbuster, Inc.*, No. 1:09-cv-00362, 2009 U.S. Dist. LEXIS 86478, *10-11 (S.D. Ohio Sept. 1, 2009).  Where the parties agree that the individual was acting in his capacity as an agent of the company and in the name of the company, "he may not be held personally liable."  *Castillo* at ¶22. Accordingly, here, where Plaintiffs allege the Individual Defendants were acting in the course and scope of their employment, and there is no allegation any of the Individual Defendants were acting outside their capacity as agents for the University, and no allegation they failed to act in the name of the University, Plaintiffs' claims of breach of

---

³ Plaintiffs purport to define "University Defendants" in paragraph 19 of their Complaint, which provides that "The University ratified the acts and/or omissions of its above employees, collectively referenced as the 'University Defendants.'" Further complicating matters, in paragraph 10 Plaintiffs indicate that "The University of Findlay and the Board of Trustees are collectively referred to as the 'University.'" Thus, when Plaintiffs refer to the "University Defendants" throughout the Complaint, and in particular here in the captions to Count V and Count VI, it is not clear whether they are referring to the "University Defendants" as employees Emsweller, Laurita, Bruskotter, Walter, Walerius, Treece and Miller, or if they are referring to the "University Defendants" as also including the University of Findlay and/or its Board of Trustees.

10

contract and promissory estoppel in Count V and Count VI must be dismissed against these Individual Defendants and the Board of Trustees.

      **F.    Count X Fails to State a Claim for Negligent Infliction of Emotional Distress Against All Defendants.**

At paragraphs 254-261 of Plaintiffs' Complaint, Count X asserts a cause of action for negligent infliction of emotional distress. However, Ohio law does not recognize such a cause of action under the facts of Plaintiffs' Complaint, and no such cause can be pled by Plaintiffs herein.

Ohio law recognizes negligent infliction of emotional distress as a limited cause of action, and "in the absence of statutory provision therefor, Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." *Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 652 N.E.2d 664, 669 (1995), quoting *High v. Howard*, 64 Ohio St.3d 82, 592 N.E.2d 818, 820-821 (1992); *Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983); *Criswell v. Brentwood Hosp.*, 49 Ohio App.3d 163, 551 N.E.2d 1315 (1989). This Court has similarly rejected claims of negligent infliction of emotional distress in the absence of actual, physical peril. *Hawley v. Dresser Industries, Inc.*, 737 F.Supp. 445, 470 (N.D. Ohio, 1990). This Court first found that "a victim may sue under the negligent infliction of emotional distress theory '*only* when the victim, or someone closely related to the victim, faced actual physical peril.'" *Id*. quoting *Penn v. Rockwell Int'l. Corp.*, No. C-2-86-992, C-2-87-98, 1988 U.S. Dist. LEXIS 15409 (S.D. Ohio, 1988) (emphasis in original). Then, because the plaintiff "alleges no physical peril", the Court rejected the plaintiff's claim. *Id*.

This principle has been further extended into school discipline cases. In *Peterson v. Northeastern Local Sch. Dist.*, No. 3:13cv00187, 2014 U.S. Dist. LEXIS 68992 (S.D. Ohio

11

2014), the plaintiffs complained of student-on-student racial harassment at school and sued the school and its administrators when they failed to remedy the discrimination. In support of their negligent infliction of emotional distress claim, the plaintiffs alleged "Defendants acting, jointly and severally, failed to take appropriate action against T.B. and others and wrongfully expelled [them] from [Kenton Ridge] HS." *Id.* at *42. The court rejected this claim, finding that the plaintiffs' failure to allege "they witnessed or experienced a dangerous accident or were in fear of physical peril" was inconsistent with Ohio's definition of the tort. *Id*. The court relied on *Heiner, supra*, to deny plaintiffs' attempts to rely upon the defendants' alleged failure to address racial discrimination as a basis for the claim, and ruled that "[p]laintiffs have not raised a facially plausible claim of … negligent infliction of emotional distress." *Id*.

Here, Plaintiffs' Complaint is similarly devoid of any allegations asserting physical peril or fear of actual physical peril experienced by Plaintiffs. In fact, the investigation and determination at issue simply do not involve any physical peril or fear of physical peril by Plaintiffs. Instead, this tenth cause of action, along with the others asserted, arises from the investigation and expulsion of Plaintiffs after their sexual assault of a fellow student. Without any allegations of physical peril suffered by them, Plaintiffs' Complaint does not and cannot state a cause of action for negligent infliction of emotional distress. Therefore, All Defendants respectfully request that this Court dismiss Count X of Plaintiffs' Complaint.

**G.  Count XI Fails to State a Claim Against any Individual Defendant or the Board of Trustees.**

Count XI of Plaintiffs' Complaint, paragraphs 262-266, sets forth a claim for declaratory judgment, purportedly against "University Defendants." As mentioned in footnote 3 above, it is unclear specifically who is included within the term "University Defendants." Regardless, the relief sought in paragraph 266 is relief from the University of Findlay, not from any of the

12

Individual Defendants or the Board of Trustees. Accordingly, the Board of Trustees and Individual Defendants move that Count XI of Plaintiffs' Complaint be dismissed against them for failure to state a claim.

### III. CONCLUSION

The University of Findlay, and in fact All Defendants, strongly dispute many of the allegations made in Plaintiffs' Complaint. Even taking the allegations as true for purposes of this Motion, several claims must be dismissed.

As set forth above, the Board of Trustees is not an independent entity capable of being sued, and therefore, Defendants request that the Board of Trustees be dismissed from this suit.

Additionally, the Complaint contains no factual allegations of wrongful conduct committed by Brian Treece. Because there is no basis for liability against him, Mr. Treece respectfully requests that this Court dismiss all claims against him.

Moreover, the law is clear that the Individual Defendants have no liability under Title VI or Title IX, and therefore, Defendants respectfully request that this Court dismiss Count I and Count III as to the Board of Trustees and the Individual Defendants.

Additionally, Count V and Count VI of Plaintiffs' Complaint fail as there is no individual liability alleged as to the breach of contract or promissory estoppel theories.

And, Ohio courts have repeatedly rejected claims for negligent infliction of emotional distress in the absence of physical peril. Therefore, Defendants respectfully request that this Court dismiss Count X of the Complaint as to All Defendants.

Finally, the Individual Defendants and the Board of Trustees request that this Court dismiss Count XI of Plaintiffs' Complaint as this claim seeks relief from the University of Findlay alone.

Respectfully submitted,

KOHNEN & PATTON, LLP

/s/ K. Roger Schoeni
K. Roger Schoeni (0004812)
Colleen M. Blandford (0061877)
Rebecca L. Cull (0083542)
201 East Fifth Street
PNC Center, Suite 800
Cincinnati, OH  45202
Phone:  (513) 381-0656/Fax: (513) 381-5823
email:  rschoeni@kplaw.com
cblandford@kplaw.com
rcull@kplaw.com

Gerald R. Kowalski (0022323)
Lisa E. Pizza (0022881)
Sarah K. Skow (0081468)
Spengler Nathanson P.L.L.
Four SeaGate, Suite 400
Toledo, OH 43604-2622
Phone: (419) 252-6239/Fax: (419) 241-8599
gkowalski@snlaw.com
lpizza@snlaw.com
sskow@snlaw.com
Co-Counsel for Defendants University of Findlay Board of Trustees, et al.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served electronically via the Court's ECF system this 22nd day of February 2016 upon:

Anthony J. Calamunci, Esq.
FisherBroyles, LLP
6800 West Central Ave., Unit E
Toledo, OH 43617

Robert B. Graziano, Esq.
Michael R. Traven, Esq.
FisherBroyles, LLP
P.O. Box 516
Columbus, OH 43216

Attorneys for Plaintiffs

Donald E. Theis, Esq.
Theis Law Office
1000 PNC Bank Building
405 Madison Ave.
Toledo, OH 43604
Attorney for Defendant M.K.

/s/ K. Roger Schoeni
K. Roger Schoeni