IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Justin Brown, et al.,                                      Case No. 3:15CV2687

       Plaintiffs

       v.                                                        **ORDER**

University of Findlay, et al.,

       Defendants

       This suit arises from a sexual encounter between a Caucasian female student at the University of Findlay, in Findlay, Ohio, and two African-American male students; the female students' ensuing allegations of sexual assault; and the University's expulsion of the male students. The male students bring this suit alleging various causes of action against multiple defendants, including the female student. She, in turn, has filed a counter-suit.

       Pending is a partial motion to dismiss by several defendants. (Doc. 9). Except for their claim against the University's board of trustees, plaintiffs agree that I should grant the motion. For the reasons that follow, I also grant defendants' motion as to the claims against the board of trustees.

**Discussion**

**A. Conceded Dismissals**

       Plaintiffs' opposition to the defendants' motion for partial dismissal (Doc. 17) concedes that I should dismiss from the case:

- all Counts against defendant Brian Treece;

- Counts I, III, V, VI, and XI against defendants David W. Emsweller, Brandi Laurita, Matthew Bruskotter, Rachel Walter, Ken Walerius, and Breanna Ervin Miller; and

- Count X in its entirety and against all defendants.

Accordingly, I dismiss these claims with prejudice.

### B. Board of Trustees

Defendants seek dismissal of all claims, wherever stated, against the board of trustees and its members. The gravamen of defendants' contention is that the board and its members have, in the eyes of the law, no entity identity apart from the University. Therefore, defendants argue, the Board and its members lack the capacity to sue or be sued either collectively or individually *qua* a board of trustees.

In support of their contention of a lack of capacity to be sued, defendants cite cases holding that boards of not-for-profit corporations are not amenable to suit. *E.g.*, *Flarey v. Youngstown Osteopathic Hospital*, 151 Ohio App. 3d 92, 94 (2002).

While plaintiffs point out that cases such as *Flarey* relate to boards of *directors* of entities other than private universities that, like the University of Findlay, have boards of *trustees*, that distinction makes no difference. This is so even though plaintiffs also point to cases involving state universities, such as *Daniel v. American Board of Emergency Medicine*, 988 F. Supp. 127 (W.D. N.Y. 1996), holding that the Ohio State University board of trustees has capacity to sue and be sued.

That does not matter because the Ohio General Assembly expressly granted that capacity to state university boards. *Cf.* O.R.C. § 33.03(A) (re. Ohio State University).

The University of Findlay is a private institution, not regulated, at least insofar as capacity to sue and be sued goes, by statute. Its existence arises, instead, through its incorporation and

corporate rules and regulations. Defendants contend, and plaintiffs have not refuted, or sought leave to take discovery to try to refute defendants' contention, that the University has not endowed its board and trustees with the capacity to sue and be sued. That capacity lodges, rather, within the University. While the trustees may be the University's governors and overseers, that does not mean they can go to court, or that a party may take them to court on their own.

Thus the motion of the board of trustees and its members for dismissal is well taken.

### Conclusion

It is, accordingly,

ORDERED THAT:

1. All counts against defendant Brian Treece be, and the same hereby are, dismissed with prejudice;

2. Counts I, III, V, VI, and XI against defendants David W. Emsweller, Brandi Laurita, Matthew Bruskotter, Rachel Walter, Ken Walerius, and Breanna Ervin Miller be, and the same hereby are, dismissed with prejudice;

3. Count X against all defendants be, and the same hereby is, dismissed with prejudice; and

4. The defendants' motion to dismiss the Board of Trustees of the University of Findlay and its individual board members as to all claims be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge