IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN BROWNING, et al., | : | Case No. 3:15-cv-02687-JGC |
| Plaintiffs, | : | (Judge James G. Carr) |
| vs. | : | |
| | : | ORDER |
| UNIVERSITY OF FINDLAY BOARD OF TRUSTEES, et al., | : | |
| Defendants. | : | |

As part of the discovery process in this lawsuit, Plaintiffs, Justin Browning and Alphonso Baity II, have requested that Defendants, University of Findlay, David W. Emsweller, Brandi Laurita, Matthew Bruskotter, Rachel Walter, Ken Walerius, and Breanna Ervin Miller a/k/a Breanna Jeanette ("Defendants"), produce certain information contained in the education records of current and former students of Defendant University of Findlay.

The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99 ("FERPA"), requires that a university make a reasonable effort to provide notice to eligible students prior to disclosure of education records, including those that contain personal identifying information. The notice is required when disclosure is subject to a court order, as here. *See, e.g.*, 34 C.F.R. § 99.31(a)(9)(i), (ii). The notification requirement is enforced by linking compliance to eligibility to receive federal funding. 20 U.S.C. § 1232g(b)(1), (2); 34 C.F.R. § 99.31(a)(9); *U.S. v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002).

Even though a university is required to make a reasonable effort to provide notice, with the opportunity to object, consent of those students affected is not required where, as here,

disclosure is court-ordered and subject to a protective order. *Morton v. Bossier Parish Sch. Bd.*, 2014 WL 1814213, *4 (W.D. La.); *C.T. v. Liberal Sch. Dist.*, 2008 WL 394217, *4 (D. Kan.); *Rios v. Read*, 73 F.R.D. 589, 600-02 (E.D.N.Y. 1977).

Thus, as required by FERPA, before producing any student's "education record," Defendants shall either obtain the student's written consent or shall make reasonable efforts to provide notice to any affected student of the potential production pursuant to the procedure approved herein.

As reasonable efforts to provide notice to students pursuant to FERPA and this Order, the Court, through Defendants' counsel, shall provide notice to students currently enrolled at the University of Findlay by sending email correspondence to their assigned "Findlay.edu" email address.  The Court, through Defendants' counsel, shall provide notice to former students by sending email correspondence to their assigned "Findlay.edu" email address, if any; by sending email correspondence to any other known email address(es) maintained in the University of Findlay's database; or by sending regular mail to the former student's last known address. This Court finds that these steps satisfy the "reasonable effort" requirement of 34 C.F.R. § 99.31(a)(9)(ii).

Each time Defendants provide notice to an affected student, Defendants shall provide a list to the Court, to be reviewed and maintained *in camera*, identifying those students.

The notice to be provided to the affected students shall be in a format substantially similar to that attached to this Order.

This Court finds that fourteen days from the date Defendants send the notice is a sufficient period of time to allow a student to state an objection to the production of his or her education record.

At the expiration of the fourteen-day objection deadline, Defendants will produce a list to the Court and the parties of all students who did not send an objection to Defendants' counsel. Within a reasonable time after providing this list, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records related to that student or students, in compliance with FERPA and subject to the Federal Rules of Civil Procedure and any applicable privilege or doctrines which may otherwise prevent discovery of the information contained within the education record.

In the event that a student provides a written consent to disclose personally identifiable information, the student's written consent shall be sent to Kohnen & Patton, LLP as counsel for Defendants, for collection.  At the expiration of the fourteen-day notice period, Kohnen & Patton, LLP will forward all written consents received to the Court and the parties.  Within a reasonable time after providing the written consents, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records related to that student or students, in compliance with FERPA and subject to the Federal Rules of Civil Procedure and any applicable privilege or doctrines which may otherwise prevent discovery of the information contained within the education record.

In the event that a student objects to production of his or her education record, the student may state that objection and the grounds for the same in his or her response to Defendants' notice.  The students' responses shall be sent to Kohnen & Patton, LLP as counsel for Defendants, for collection. At the expiration of the fourteen-day notice period, Kohnen & Patton, LLP will forward any objections received to the Court along with copies of any documents containing personally identifiable information related to the objecting students, and the Court will consider and rule upon those objections.  Absent circumstances that the Court, in its

discretion, believes warrant comment from counsel for Plaintiffs or Defendants, the Court shall make an initial *ex parte* determination on whether a student's objections justify continuing to protect the privacy of the student's education record granted under FERPA.

If the Court determines that the student's objections are not well-taken, the Court shall issue a ruling regarding the same, and within a reasonable time after the Court's ruling, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records related to that student or students, in compliance with FERPA and subject to the Federal Rules of Civil Procedure and any applicable privilege or doctrines which may otherwise prevent discovery of the information contained within the education record.

If the Court determines that the student's objections are well-taken, the Court shall issue a ruling regarding the same and provide to the parties, under seal, the objections of said student(s) (with personally identifiable information redacted). Within seven (7) days of the Court's ruling sustaining a student's objection, a party shall have the right to contest the Court's ruling, including the ability to argue that the right to obtain the student's personally identifiable information in discovery outweighs the stated privacy objection. Under such circumstances, the party shall file a motion for reconsideration, under seal.

If, following the filing of a motion for reconsideration, the Court determines that the student's objections are outweighed by a party's right to discovery, the Court shall issue a ruling regarding the same and, within a reasonable time after the Court's ruling, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records related to that student or students, in compliance with FERPA and subject to the Federal Rules of Civil Procedure and any applicable privilege or

doctrines which may otherwise prevent discovery of the information contained within the education record.

If, following the filing of a motion for reconsideration, the Court determines that the student's objections continue to have merit, the Court shall issue a ruling regarding the same, and the student's education record, including the student's directory information and inclusion on the *in camera* notification list, shall remain private.  Any such ruling by the Court does not entirely preclude Defendants from producing documents or other information containing said students' personally identifiable information.  Instead, the Court's determination that a student's objections are well-taken simply means that the student's personally identifiable information shall be redacted in the form and method agreed to by the parties on any documents produced by Defendants in discovery.

Documents and information produced by Defendants pursuant to this Order or otherwise including student information shall be marked "Confidential" and subject to the Stipulated Protective Order [Doc. No. 26] in this case. Any confidential documents and information provided or acquired in the course of this lawsuit may not be used outside of the context of this lawsuit and will not become part of the public record of this lawsuit.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

5