**IN THE UNTED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Justin Browning, et al.,                                          Case No. 3:15CV2687

                  Plaintiffs

        v.                                          **CERTIFICATION ORDER**

University of Findlay, et al.,

                  Defendants.

       Pursuant to Rules 9.01, *et seq*., of the Rules of Practice of the Ohio Supreme Court, the

undersigned, Senior United States District Judge James G. Carr, hereby issues this Order

Certifying a Question of State Law to the Ohio Supreme Court.

**Question of Law to Be Answered**

   The question of Ohio law presented herein is:

> Does the inferred-intent doctrine apply to preclude insurance coverage under an
> exclusion for "bodily injury . . . which is either expected or intended" by the
> insured where the events giving rise to a civil claim against the insured that the
> insured engaged in nonconsensual sexual intercourse and other sexual acts with
> another adult?

**Statement of Facts**

       On the night of September 20, 2014, defendant/counter-claimant M.K., then a female

freshman at the University of Findlay (UF), engaged in sexual intercourse and other sexual acts

with two male UF students, plaintiffs/counter-claim defendants Justin Browning and Alphonso

Baity, II. Eleven days after the encounter, M.K. reported to UF officials that Browning and Baity

had sexually assaulted her. Following an inquiry, the University expelled Browning and Baity.

In this case, Browning and Baity bring a variety of claims against the University and certain of its officials; they also assert three causes of action against M.K. and the University defendants jointly. None of their causes of actions is germane to this Order of Certification.

In their complaint, Browning and Baity admit that they engaged in sexual intercourse and other sexual activity with M.K. They assert that all such activity was consensual on M.K.'s part. (Doc. 1, Page ID 13–15 at ¶¶62–67, 70, 72).

M.K. filed an answer and a counter-claim against Browning and Baity. She denies the plaintiffs' assertion that their intercourse and other sexual acts were consensual or voluntary on her part. (Doc. 7, Page  ID 74–75 at ¶¶38–41, 43). In her counter-claim, M.K. asserts that she consumed alcohol "to the point she was grossly intoxicated" and that "Plaintiffs should have known, but failed to recognize or acknowledge, that [M.K] was not able to consent to any sexual activity." (*Id.*, Page ID 87–88 at ¶¶4, 5). "Nonetheless," M.K. also alleges, "despite numerous signs that [M.K.] was incapable of consenting to sexual activity, Plaintiffs both took advantage of the grossly intoxicated [M.K.] in various ways, treating her as little more than a sexual object." (*Id.*, Page ID 87 at ¶6).

On the basis of these allegations, M.K. asserts seven causes of action against Browning and Baity. None of her claims is for sexual assault/battery. Instead, she alleges negligence, breach of contract, and intentional infliction of emotional distress, defamation, conspiracy, and multiple forms of invasion of privacy.

Baity's father has a homeowner's policy with State Farm Fire and Casualty Company, and Baity is an insured under the policy. State Farm, under a reservation of rights, is providing a defense. It has intervened in this action, seeking a declaration that, by operation of the exclusion

for "bodily injury" that "is either expected or anticipated by the insured," it has no duty to defend or indemnify Baity.

Pending is State Farm's motion for summary judgment. (Doc. 68). It raises several arguments: 1) emotional distress without physical injury does not constitute bodily injury; 2) physical contact of a sexual nature does not constitute bodily injury absent physical injury; 3) Baity's alleged sexual assault of M.K. does not constitute an "occurrence"; 4) the "expected or intended" acts exclusion bars coverage; and 5) the "willful and malicious" exclusion bars coverage.

This Certification Order relates to the exclusion that  precludes coverage for "bodily injury . . . which is either expected or intended by the insured[.]" (Doc. 68–1, Page ID 439).

State Farm argues that this exclusion applies because, under Ohio's transferred-intent doctrine, a court should infer, as a matter of law, that an insured who sexually assaults another adult intends to harm that other adult. (Doc. 68, Page ID 400–03).

To date, the Ohio Supreme Court has "recognized that the rule of inferred intent applies in two specific instances: sexual molestation of a minor and murder." *Allstate Ins. Co. v. Campbell*, 128 Ohio St. 3d 186, 191 (2010).

In *Campbell*, *supra*, 128 Ohio St. 3d at 198, the court explained that "the doctrine of inferred intent is not limited to cases of sexual molestation or homicide." Rather, the doctrine applies "only in cases in which the insured's intentional act and the harm caused by that act are intrinsically tied so that the harm necessarily results from the act." *Id.*

After *Campbell*, however, no Ohio court has addressed whether the doctrine applies in cases of adult-on-adult sexual assaults. But a growing number of states have held that it does, thereby precluding coverage under an intended-or-expected-acts exclusion. *See Doe v.*

3

*Breedlove*, 906 So. 2d 565, 575–76 (La. 2005) (inferred-intent rule applies to sexual assaults of adult victims); *State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 136 (S.C. 2000) (same); *Rivera v. Nevada Med. Liab. Ins. Co.*, 814 P.2d 71, 73–74 (Nev. 1991) (same); *Altena v. United Fire & Cas. Co.*, 422 N.W.2d 485, 489–90 (Iowa 1988) (same); *Western Nat'l Assurance Co. v. Hecker*, 719 P.2d 954, 960 (Wash. App. 1986) (same).

At issue in this case is whether the harm M.K. alleges, both bodily harm (in the form of a contracted urinary tract infection and, as well, red spots on the interior of her throat) and emotional, were such that, if the inferred-intent doctrine applied to sexual assaults against adult victims, a jury could infer an intent to cause such from Baity's alleged acts of nonconsensual intercourse and sexual assault.

I therefore conclude that the applicability of the inferred-intent doctrine is dispositive of the coverage dispute between Baity and State Farm, and I deem it appropriate to certify that controlling question of Ohio law to the Ohio Supreme Court.

### Parties and Counsel

In accordance with Supreme Court Rule of Practice 9.02(E), I hereby designate State Farm Fire and Casualty Company as the moving party.

The parties and their counsel are:

Plaintiffs

1. Justin Browning
2. Alphonso Baity, II

Plaintiffs are represented by:

- Robert B. Graziano (Ohio Reg. 0051855), FisherBroyles, 2390 Tamiami Trail North, Suite 100, Naples, Florida 34103. Mr. Graziano's phone number is 614-723-2058.
- Anthony J. Calamunci, Sr. (Ohio Reg. 0063937), Fisher Broyles, 6800 W. Central Ave., Suite E, Toledo, Ohio 43617. Mr. Calamunci's phone number is 419-214-1050.

- Michael R. Traven (Ohio Reg. 0081158), FisherBroyles, 20 S. Third St., Suite 210, Columbus, Ohio 43215. Mr. Traven's phone number is 614-721-5573.

Defendants

1. University of Findlay
2. David M. Emsweller
3. Brandi Laurita
4. Matthew Bruskotter
5. Rachel Walker
6. Ken Walerius
7. Breanna Ervin Miller

The University of Findlay, Mr. Emsweller, Ms. Laurita, Mr. Bruskotter, Ms. Walker, Mr. Walerius, and Ms. Miller are represented by:

- Colleen M. Blandford (Ohio Reg. 0061877) and K. Roger Schoeni (Ohio Reg. 0004812), Kohnen & Patton, 201 E. Fifth St., Suite 800, Cincinnati, Ohio 45202. Ms. Blandford's and Mr. Schoeni's phone number is 513-381-0656.
- Gerald R. Kowalski (Ohio Reg. 0022323), Lisa E. Pizza (Ohio Reg. 0022881), and Sarah K. Skow (Ohio Reg. 0081468), Spengler Nathanson, Four SeaGate, Suite 400, Toledo, Ohio 43604. Mr. Kowalski's phone number is 419-241-2201, Ms. Pizza's phone number is 419-241-8599, and Ms. Skow's phone number is 419-241-2201.

Defendant/Counter-Claimant

1. M.K.

M.K is represented by:

- Donald E. Theis (Ohio Reg. 0021607), Theis Law Office, 1000 PNC Bank Building, 405 Madison Ave., Toledo, Ohio 43604. Mr. Theis's phone number is 419-242-1400.
- Konrad Kircher (Ohio Reg. 0059249), Rittgers & Rittgers, 12 E. Warren St., Lebanon, Ohio 45036. Mr. Kircher's phone number is 513-932-2115.

Intervenor/Moving Party

1. State Farm Fire and Casualty Company

State Farm is represented by:

- John F. McLaughlin (Ohio Reg. 0052021) and Ryan J. Dwyer (Ohio Reg. 0091761), Rendigs, Fry, Kiely & Dennis, 600 Vine St., Suite 2650, Cincinnati, Ohio 45202. Mr. McLaughlin's and Mr. Dwyer's phone number is 513-381-9206.

**Conclusion**

It is, accordingly,

ORDERED THAT:

1.      The foregoing question of law be, and the same hereby is, certified to the Ohio

        Supreme Court for its consideration and determination; and

2.      Adjudication of State Farm's motion for summary judgment be, and the same

        hereby is, held in abeyance pending the Ohio Supreme Court's decision whether

        to accept the certified question and any further proceedings undertaken by that

        Court. No other part of the case shall be affected by this order, and the remainder

        of the case shall proceed accordingly.

3.      State Farm shall file a notice advising this court of the Ohio Supreme Court's

        decision accepting or declining to accept the certified question of law and, if

        applicable, any further orders or decisions issued by that court respecting the

        certified question of law.

So ordered.

                                        /s/ James G. Carr
                                        Sr. U.S. District Judge