**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN BROWNING, et al.,** | : | **Case No. 3:15-cv-02687-JGC** |
| | : | |
| **Plaintiffs,** | : | **Judge James G. Carr** |
| | : | |
| **vs.** | : | |
| | : | |
| **UNIVERSITY OF FINDLAY BOARD** | : | |
| **OF TRUSTEES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS' STATUS REPORT RELATING TO POTENTIAL BIFURCATION**

COME NOW, Plaintiffs, Justin Browning and Alphonso Baity, II (collectively, "Plaintiffs"), and submit the following in connection with the question of potential bifurcation of the issue of consent, as raised by the Court during the August 23, 2018 telephonic status conference. Plaintiffs appreciate the Court's willingness to examine the issues in this case and create a potential pathway to streamline the proceedings. However, the Court's raising of this issue has created several questions that Plaintiffs believe need to be addressed before they can fully respond with their position on bifurcation. Plaintiffs highlight those questions below. Before doing so, Plaintiffs submit the following as a brief discovery background.

**DISCOVERY BACKGROUND**

An examination of the case docket reveals that the parties have engaged in extensive fact discovery in this case, thus far. Tens of thousands of pages of written discovery and document productions have been exchanged. The parties have also completed thirty-eight (38) depositions of lay witnesses. Of those depositions, twenty-one (21) depositions consist of Plaintiffs, MK, and individuals who interacted with Plaintiffs and/or MK before, during, and following the evening in

1

question.  Ten (10) witnesses are employees or other representatives of the University of Findlay

("UF").  Plaintiffs' mothers (2) and fathers (2) were deposed, as was the mother of a former UF

student.  Finally, a detective from the City of Findlay Police Department was deposed, as was an

advocate from Open Arms.  The cumulative number of exhibits marked during these depositions has

exceeded 330 exhibits.

Plaintiffs also recently produced the written reports of ten (10) expert witnesses who address

various aspects of Plaintiffs' pending claims against UF and MK.

**QUESTIONS ON PROCEDURE FOR BIFURCATION**

1.      Which parties will participate in any bifurcated trial proceedings?

      a.      Plaintiffs are unclear whether the Court intended the bifurcated consent trial to include only Plaintiffs and MK, or also UF.

2.      What precise issues would be tried in the bifurcated proceedings?

3.      What would be the permitted scope of lay and expert witness testimony?

      a.      Regardless of the precise consent/capacity issues that would be tried in the bifurcated proceedings, all or nearly all of the "student/former student" witnesses would need to offer testimony.  This testimony would come from Plaintiffs, MK, other witnesses who were present at the Howard St. house during the evening in question, as well as friends and/or acquaintances of Plaintiffs/MK who interacted with the parties before, during, and in the days/weeks following the evening in question.  With respect to some of these witnesses, they would also have testimony that would relate to issues other than consent.

b.      Other witnesses may also be relevant to the issue of consent.  For example, the Findlay Police Department's investigation resulted in no charges being brought against Plaintiffs.

c.      Depending on the scope of the bifurcated trial proceedings, some UF employees/representatives may be required to testify.

d.      Several of Plaintiffs' experts would be required to testify as to issues relating to consent and capacity.  And, Plaintiffs surmise that Defendants would likewise call their expert(s) during the bifurcated proceedings.

e.      All of the above is to highlight that even a trial on a seemingly narrow issue will nevertheless involve the testimony of many lay and expert witnesses.

4.   How many juries would be involved in the trial proceedings?

a.      How many proceedings would occur?

b.      Would the same jury that hears the bifurcated consent issue also hear the remainder of the issues in the case?  If not, that may require duplication of evidence from the bifurcated proceedings.

c.      If the same jury hears multiple proceedings, how much time would take place between each of the multiple proceedings?

Plaintiffs are open to the idea of attempting to formulate a mechanism to streamline the trial proceedings in this case.  While the foregoing highlights some of the questions/issues that Plaintiffs have identified, other issues/questions surely exist.  Ultimately, Plaintiffs' ability to adequately assess the benefits and risks of moving forward with a bifurcated trial will depend on the Court's input on the above-referenced questions and issues.  Plaintiffs look forward to further discussing these issues during the scheduled September 24, 2018 telephone status conference.

Respectfully submitted,


/s/ Robert B. Graziano
ROBERT B. GRAZIANO (0051855)
robert.graziano@fisherbroyles.com
MICHAEL R. TRAVEN (0081158)
michael.traven@fisherbroyles.com
FISHERBROYLES, LLP
P.O. Box 516
Columbus, OH  43216
Telephone:  614.721.5573
Facsimile:  614.573.7447


and

ANTHONY J. CALAMUNCI (0063937)
anthony.calamunci@fisherbroyles.com
6800 W Central Ave Unit E
Toledo, Ohio 43617
Telephone: 419.376.1776
Facsimile: 484.251.7797

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the forgoing was filed with Court

on September 17, 2018, via the CM/ECF filing system, which will automatically provide notice of

this filing to all parties that have entered an appearance in this matter.


/s/ Robert B. Graziano
Robert B. Graziano (0051855)