# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Justin Browning, et al.,                                  Case No. 3:15CV2687

        Plaintiffs

        v.                                                    **ORDER**

University of Findlay, et al.,

        Defendants

This is an insurance coverage dispute.

In 2014, the University of Findlay – located in Findlay, Ohio – expelled two students, plaintiffs Justin Browning and Alphonso Baity, after concluding that they sexually assaulted M.K., an adult female student. Browning and Baity sued the University, contending that it discriminated against them on the basis of race and gender during the investigation into M.K.'s allegations and in its decision to expel them. (*See* Doc. 1 at 32-42).

Claiming that their sexual encounter with M.K. was consensual, plaintiffs also sued M.K. for defamation. (*See id.* at 51-52). M.K. responded with a counterclaim alleging that Browning and Baity had sex with her even though, due to her severe intoxication, she was incapable of consenting. (*See* Doc. 7 at 19, ¶ 9).

Thereafter, Allstate Indemnity Company and Allstate Insurance Company (collectively, Allstate), which had issued a homeowner's policy (the Allstate Policy or the Policy) to

1

Browning's parents, filed a separate lawsuit.[1] Allstate sought declaratory judgment that it had no duty to indemnify or defend Browning against M.K.'s allegations. (*See* Allstate Indem. Co. v. Browning, 3:18CV1097, Doc. 1, Ex. 1). I subsequently consolidated the Allstate lawsuit with this case. (Doc. 92).

In a status conference held on July 30, 2018, I ordered Allstate and Browning to brief the issue of whether Michigan or Ohio law applies to this dispute.

Now pending is Allstate's motion for a determination that Michigan law should apply to any coverage determination. (Doc. 95). For the reasons that follow, I grant the motion.

**Background**

The declarations to the policy Allstate issued to Browning's parents identify the insured property as 4841 Harvard, Detroit, MI. The Policy lists the Brownings' Allstate agent as Mark Brooks, whose office is located in Roseville, Michigan. (Doc. 95-1 at 3). A Michigan amendatory endorsement is incorporated into the Policy. (*Id.* at 82-88).

The Allstate Policy contains a choice-of-law clause:

Subject to the following paragraph, the laws of the state in which the residence premises is located shall govern any and all claims or disputes in any way related to this policy.

If a covered loss to property, or any other occurrence for which coverage applies under this policy happens outside the state in which the residence premises is located, claims or disputes regarding that covered loss to property, or any other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to property, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

(*Id.* at 11).

---

[1] Allstate originally filed its lawsuit in Michigan state court. Browning then removed the case to the U.S. District Court for the Eastern District of Michigan. The Michigan district court later granted Browning's motion to transfer venue to this court. (3:18CV1097, Doc. 10).

Under the Policy, the "residence premises" is "the dwelling, other structures and land located at the address stated on the Policy Declarations." (*Id.* at 10).

## Discussion

When resolving conflict-of-law issues, a federal court with diversity jurisdiction must apply the forum state's conflict-of-law rules. *See, e.g.*, *Miller v. State Farm Mut. Auto. Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996). Accordingly, I apply Ohio conflicts rules.

Ohio courts resolve conflict-of-law issues using §§ 187 and 188 of the Restatement (2d) of Conflicts of Law. *See Schulke Radio Prods., Ltd. v. Midwestern Broad. Co.*, 6 Ohio St.3d 436, 438-39 (1983) (adopting § 187); *Gries Sports Enters. v. Modell*, 15 Ohio St. 3d 284, 287 (1984) (adopting § 188).[2]

### A. The Policy's Choice-of-Law Clause Requires Applying Michigan Law

Where the subject contract includes a choice-of-law clause, § 187 applies. *Schulke Radio Prods., Ltd.*, *supra*, 6 Ohio St.3d at 438-39. Under § 187, "[t]he law of the state chosen by the parties to govern their contractual rights will be applied" unless one of two exceptions exists.

First, § 187 will not apply where "the chosen state has no substantial relationship to the parties or the transaction and there is no reasonable basis for the parties' choice." Restatement (Second) of Conflict of Laws § 187(2)(a).

Alternatively, § 187 will not apply where:

> application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which … would be the state of the applicable law in the absence of an effective choice of law by the parties.

---

[2] The parties do not dispute, and I agree, that the conflict-of-law principles applicable to contract interpretation apply here. *See Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St. 3d 474, 478, 480 (2001) (applying conflict-of-law rules applicable in contract interpretation, rather than tort, cases in insurance dispute).

3

*Id.* at § 187(2)(b).

Allstate argues that the choice-of-law clause in the Allstate Policy requires applying Michigan law *per* § 187. (Doc. 95 at 9).

Browning disagrees. He argues Ohio law should apply to any coverage determination. (Doc. 98). Section 187, he claims, does not apply in this case because "Ohio courts have held that" language like that in the Policy's choice-of-law clause "obligates an analysis of Section 188 of the Restatement." (*Id.* at 2 (citing *Allstate Fire & Cas. Ins. Co. v. Moore*, 993 N.E.2d 429 (Ohio App. 2013)). I disagree.

"Section 187 provides that, subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties." *Ohayon*, *supra*, 91 Ohio St. 3d at 477. Here, the parties chose the local law of the residence premises – as that term is defined in the Policy – to govern disputes about coverage. The residence premises is located in Michigan, so, unless Browning establishes that an exception is present here, I must apply Michigan law.

Browning does not argue that either exception to § 187 applies in this case. Rather, citing *Moore*, *supra*, 993 N.E.2d 429, he claims that Ohio courts do not apply § 187 when interpreting language like that in the Allstate Policy. (Doc. 98 at 2).

The decision in *Moore* does not support Browning's argument. Indeed, the court in *Moore* explicitly applied § 187 to the parties' dispute. *See id.* at 434-35. Finding no exception to § 187 existed in that case, the court held that the law in the subject policy's choice-of-law clause should control. *Id.* at 437.

4

Browning has not shown – nor does he argue – that either exception to § 187 applies here. (*See* Doc. 98 at 2). Therefore, I apply the law the parties chose to govern disputes between them. *Schulke Radio Prods.*, *supra*, 6 Ohio St. 3d at 439.

### B. Michigan Has the Most Significant Relationship to This Matter

Where § 187 does not apply, Ohio courts use § 188 to resolve conflict-of-law issues. *Gries*, *supra*, 15 Ohio St. 3d at 287. Under § 188, "the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties" applies.[3]

The applicable provision identifies five factors to consider in determining which state has the most significant relationship to the transaction and the parties:

(a) the place of contracting,
(b) the place of negotiation of the contract,
(c) the place of performance,
(d) the location of the subject matter of the contract, and
(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Restatement (Second) of Conflict of Laws § 188(2).

Allstate argues that Michigan has the most significant relationship to this matter because 1) it is a Michigan insurer whose Michigan agent prepared the policy, 2) the subject real estate is located in Michigan, and 3) the policy contains endorsements incorporating provisions of Michigan law. (Doc. 95 at 10).

---

[3] As explained in this opinion, the Policy's choice-of-law clause controls. I conduct an analysis under § 188 of the Restatement, however, as the parties have spent considerable time in their briefs discussing its application.

<mark>5</mark>

Browning argues that Ohio has the most substantial relationship to the matter. Specifically, Browning notes that the alleged incident occurred while he was attending an Ohio university. (Doc. 98 at 4).[4]

I agree with Allstate.

The Policy insures Browning's home in Michigan. The Brownings are Michigan residents. Allstate's issuing agent is in Michigan. (Doc. 95-1 at 3). The Policy contains Michigan endorsements. (*Id.* at 82-88).

Ohio has but one relationship to this matter and these parties: the events that triggered this dispute occurred in Ohio.

The location of the underlying events is not one of the § 188 factors. Indeed, Ohio courts deem the place of the "triggering event" immaterial to determining which state's law controls where, as here, the § 188 factors otherwise favor another state. *See, e.g.*, *Fiste v. Atl. Mut. Ins. Co.*, 94 Ohio App. 3d 165, 167-68 (1994) (explaining location of the underlying accident is not relevant to determining the applicable state law because where the accident occurred had no bearing on the parties' contractual obligations); *see also, e.g.*, *Miller*, *supra*, 87 F.3d at 827 (applying Pennsylvania law where insured was a Pennsylvania resident, purchased the policy from a Pennsylvania insurance office, and made her premium payments through that office, although the accident underlying the dispute occurred in Ohio); *Moore*, *supra*, 993 N.E.2d at 436-37 (holding Ohio law applied to dispute where insureds worked with an Ohio agent to

---

[4] Browning also argues applying Michigan law would result in inconsistent outcomes between Browning and Baity because I applied Ohio law to a policy State Farm issued to Baity's father. (Doc. 98 at 4-5). *See Browning v. Univ. of Findlay*, Case No. 3:15CV2687, 2018 WL 4223209 (N.D. Ohio). But this is not relevant to what law should be used to interpret the Allstate Policy. The dispute between Baity and State Farm involved a different contract between different parties.

procure an Ohio auto insurance policy, which listed the insureds' Ohio address, but accident occurred in Florida); *Hooker v. Nationwide Mut. Ins. Co.*, 1997 WL 337623 (Ohio App.) (applying North Carolina law where insurance policy was made and issued in North Carolina and subject vehicle was registered and primarily garaged there, but accident occurred in Ohio).[5]

Ohio's singular relationship to this matter – that it is where the "triggering events" occurred – does not outweigh the factors demonstrating Michigan's relationship to this contractual dispute.[6]

## Conclusion

It is, therefore,

ORDERED THAT plaintiffs Allstate Indemnity Company and Allstate Insurance Company's motion for a determination that Michigan law applies to any coverage determination under the Allstate Policy (Doc. 95) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[5] The opinion in *Moore* is instructive on how to apply the § 188 factors insofar as the court looked to those factors to determine whether an exception to the parties' choice-of-law clause existed. *See* 99 N.E.2d at 435 ("Section 187(2)(b) directs us to the subsequent section of the Restatement, Section 188, to analyze which state has the 'most significant relationship to the transaction and the parties.'").

[6] Allstate also argues that Michigan law must apply because there was no "occurrence" as that term is defined in the Policy. (Doc. 95 at 11). In light of my analysis, I need not reach that issue.