# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Justin Browning, et al.,                                 Case No. 3:15CV2687

       Plaintiffs,

    v.                                                    **ORDER**

University of Findlay, et al.,

       Defendants.

      This is a suit by two former University of Findlay undergraduates against, *inter alia*, a female student, M.K., with whom they had a sexual encounter. After M.K. filed a complaint of sexual assault with the University, it undertook disciplinary proceeding and expelled the plaintiffs.

      This suit names as defendants M.K., the University, and several of its employees. M.K. has filed a counterclaim in which, *inter alia*, she alleges that the plaintiffs had sex with her while she unable, due to intoxication, to consent.

      Plaintiff Alphonso Baity II is an insured under a State Farm Fire & Casualty Co. homeowner's policy that it issued to his father. On September 5, 2018, I granted summary judgment to State Farm. (Doc. 96). The gravamen of that decision was that, because there was no evidence that M.K. suffered a "bodily injury" from her sexual activity with Baity, the policy provides no coverage to him.

Pending is State Farm's motion to amend the corresponding judgment (Doc. 97) to: 1) include language from Fed. R. Civ. P. 54(b) that the order is final and appealable; and 2) expressly declare that State Farm has no duty to defend or indemnify plaintiff Baity. (Doc. 103).

For the reasons that follow, I grant the motion.

Baity's principal contention is that, in the event of a trial M.K. may undertake to proffer evidence that, contrary to my finding in my summary judgment order, she suffered a bodily injury from the encounter.

But this is an unfounded concern, as it is premised on an eventuality that can never arise: namely, the M.K. would between now and trial conjure up evidence of cognizable bodily injury.

That eventuality is unlikely for two reasons, one practical, the other procedural.

From a practical standpoint, common sense tells us that there is no way that, more than four years after the encounter, symptoms of a bodily injury traceable to the sexual conduct that Baity committed could appear.

Much more realistically, from a procedural standpoint, once State Farm moved for summary judgment, it was Baity's obligation to introduce evidence that would permit a reasonable jury to find that M.K. had suffered a "bodily injury" due to the alleged sexual assault. Having failed to do so, Baity cannot rely on the unlikely possibility that M.K. may produce some such evidence at trial.

That being so, there is no reason that I should not grant State Farm's motion to amend.

It is, therefore,

ORDERED THAT the motion of State Farm Fire and Casualty Co. to amend the judgment of September 5, 2018 (Doc. 103) be, and the same hereby is granted, to reflect that: 1) there being no just reason for delay, the order granting State Farm's motion for summary

judgment, being dispositive of all matters in dispute between State Farm and Alphonso Baity II, is a final and appealable order; and 2) State Farm has no duty to indemnify or defend plaintiff Alphonso Baity II against any of the claims asserted against him by counterclaimant M.K.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge