# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Justin Browning, et al.,                                            Case No. 3:15CV2687

        Plaintiffs

        v.                                                        **ORDER**

University of Findlay, et al.,

        Defendants

       In 2014, the University of Findlay expelled two students, plaintiffs/counter-defendants Justin Browning and Alphonso Baity, after concluding that they sexually assaulted defendant/counter-plaintiff M.K., a fellow student. Browning and Baity sued the University, contending that its investigation and decision to expel them violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and constituted race and gender discrimination. Claiming that their sexual encounter with M.K. was consensual, plaintiffs also sued M.K. for defamation.

       M.K. countersued, alleging that Browning and Baity had sex with her even though, due to her severe and manifest intoxication, she was incapable of consenting. She also alleges that plaintiffs knew, or had reason to know, of her incapacity to consent.

       M.K.'s counterclaim asserts claims for negligence, breach of contract, and conspiracy, all of which stem from the alleged sexual assault. She also seeks damages for invasion of privacy based on plaintiffs' alleged disclosure of photographs and video of the encounter.

       Now pending is M.K.'s motion for prejudgment attachment. (Doc. 115).

During a recent status conference, the parties represented that plaintiffs and the University of Findlay defendants have reached a confidential settlement agreement that would dispose of the plaintiffs' claims against the University. M.K. seeks to attach the settlement proceeds so that the plaintiffs have sufficient assets to satisfy the judgment she hopes to obtain against them.

Plaintiffs oppose the motion on the ground that M.K. has not complied with the relevant provisions of O.R.C. § 2715.01, *et seq.*, which governs prejudgment attachment and applies to this case via Fed. R. Civ. P. 64.

For the reasons that follow, I deny the motion.

## Discussion

Ohio law provides that "attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement." O.R.C. § 2715.01(A).

The statute specifies that attachment is permissible on several grounds, including two that M.K. has invoked here, namely: "(2) [t]hat the defendant is not a resident of [Ohio]" and "(6) [t]hat the defendant is about to remove property, in whole or part, out of the jurisdiction of the court, with the intent to defraud creditors[.]" O.R.C. § 2715.01(A)(2), (6).

"A creditor seeking an order of attachment must first submit a motion and affidavit in support." *Ohio-Carrier Concrete Cutting, Inc. v. Carrier Concrete Cutting, L.L.C.*, 2009-Ohio-6783, ¶9 (Ohio App. 2009). "The motion must include an affidavit setting forth the nature and amount of the [plaintiff's] claim; the facts that support at least one ground for an attachment contained in § 2715.01; a description of the property sought and its approximate value; the location of the property; and to the best of plaintiff's knowledge, the use to which the defendant

has put the property." *Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, 2016 WL 6821980, *2 (N.D. Ohio 2016) (Gaughan, J.).

"Only upon determining that Plaintiff has satisfied these requirements may the Court consider the actual motion for attachment." *Hook v. Baker*, 2004 WL 3113716, *3 (S.D. Ohio 2004).

"To succeed on a motion for attachment, a plaintiff must prove the existence of probable cause, which 'means that it is likely that a plaintiff who files a motion for attachment pursuant to section 2715.03 of the Revised Code will obtain judgment against the defendant against whom the motion was filed that entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion.'" *Enable Healthcare*, *supra*, 2016 WL 6821980 at *2 (quoting O.R.C. § 2715.011(A)).

**A. Praecipe**

The attachment statute provides that, once a party moves for an order of attachment, the movant "shall file with the clerk of the court a praecipe instructing the clerk to issue to the defendant against whom the motion was filed a notice of the proceeding." O.R.C. § 2715.041(A).

Once that document is on file, the clerk must issue a notice to the non-movant that advises the non-movant, *inter alia*, of 1) the pendency of the attachment proceedings; 2) the assets that are exempt from attachment; 3) how to oppose the attachment; and 4) the right to request a hearing on the motion. *Id.* The clerk must also provide the non-movant with a form that can be used to dispute the claim for attachment. O.R.C. § 2715.041(B).

It is undisputed that M.K. did not file the required praecipe. She asks me to dispense with this requirement on the ground that the targets of the attachment – plaintiffs – are on notice of her claims and have attorneys representing them. (Doc. 115 at 2).

3

Despite the perhaps technical nature of this deficiency, I decline to overlook M.K.'s non-compliance with the praecipe requirement. There is no room in the statute for procedural shortcuts. *Cf. Selectronics, Inc. v. Millenia Grp., Inc.,* 2009 WL 10689608, *2 (N.D. Ohio 2009) (Aldrich, J.) (motion denied for lack of a praecipe).This is understandable, given the significant due process concerns surrounding a prejudgment attachment of assets. *E.g.*, *Peebles v. Clement*, 63 Ohio St. 2d 814 (1980).

For this reason alone, I will deny M.K.'s motion.

### B. Value of the Claim

More significantly and substantially, M.K. has failed to state the value of her claim.

Her reference to the claim as "unliquidated" (Doc. 115–1 at 1, ¶1), doesn't even beg the question – it ignores it. That she has, as her reply brief states, obtained "an expert forensic valuation of her damages" (Doc. 125 at 2), is irrelevant, even if she has (though she has not indicated whether she has) informed the plaintiffs of this valuation. The statute requires informing the court of the value of the claim, not others.[1]

### C. Grounds for Attachment

Furthermore, M.K. has not alleged sufficient facts for me to conclude that attachment is appropriate on the ground that the plaintiffs are "about to remove property . . . out of the jurisdiction of the court, with the intent to defraud creditors[.]" O.R.C. § 2715.01(A)(6).

---

[1] The amount at issue matters: where unspecified, there is no basis to determine whether attachment is either warranted at all, or, in view of the amount claimed, necessary in light of all other factors. I note that courts in other jurisdictions, applying, of course, their distinctive state's attachment provisions, have rejected attachment motions where the asserted potential damages were indeterminate. *See CMI Assocs., LLC v. Regional Fin. Co., LLC*, 2010 WL 11603077, *4 n.4 (D. Mass. 2010) ("the amount of [plaintiff's] claim of damages is highly speculative and of questionable exaggeration").

The affidavit supporting the motion states only that plaintiffs and the University of Findlay defendants have "conspired to keep the details and the terms of the settlement confidential so that Plaintiffs can abscond with the funds out of the State of Ohio and deprive M.K., as creditor, of access to the funds upon obtaining a judgment against the Plaintiffs." (Doc. 115–1 at 2, ¶4).

Most simply put, there are no non-conclusory allegations in the affidavit to support M.K.'s contention that plaintiffs and the University defendants are, in fact, engaged in a conspiracy.

That contention is all the more difficult to accept, given that the subject of the alleged conspiracy involves a commonplace agreement to keep settlement terms confidential. Nor, finally, is there any non-conclusory allegation permitting me to infer that plaintiffs are acting or planning to act with the intent to defraud M.K. *See Enable Healthcare*, *supra*, 2016 WL 6821980 at *3 ("Even if Subbiah's affidavit were based on personal knowledge, it contains no facts to support his conclusory statement that defendant's payments to its physicians would be done with the intent to defraud plaintiff.).

That being said, M.K. points to the fact that Browning resides outside Ohio. This calls into play O.R.C. § 2715.01(A)(2), on which basis alone, apparently, his settlement proceeds might be subject to attachment. The same may be true as to Baity, though he is presently a student at Walsh University in Canton, Ohio (and thus possibly an Ohio resident). But mere residence elsewhere does not trump the other statutory requirements that M.K.'s motion and affidavit fail to meet.

## D. Probable Cause

Even assuming that M.K had met the other requirements of O.R.C. § 2715.03, she would not be entitled to attachment because she has not established probable cause.

First, the affidavit makes no mention at all of probable cause. It states only that she has a "substantial" claim against plaintiffs for personal injury and invasion of privacy. This bare bones assertion does not permit a finding that it is "likely" that M.K. will obtain a judgment against the plaintiffs that could be satisfied out of the settlement funds. O.R.C. § 2715.011(A).

Second, the plaintiffs' opposition incorporates by reference their pending motion for summary judgment on M.K.'s counterclaim. That motion raises doubt as to the viability of M.K.'s claims, especially the principal claim in the case for negligence. As to that claim, the plaintiffs contend that it is a simply a disguised and untimely claim for assault and battery. Plaintiffs also vigorously challenge the merits of her remaining claims.

Without expressing any opinion on the merits of plaintiffs' motion, to which M.K. has yet to respond, it suffices for present purposes to conclude that the materials of record before me do not suggest it is "likely" that M.K. will obtain a judgment against the plaintiffs, such that she should be entitled to attach the settlement proceeds now. As now-Chief Judge Gaughan aptly explained in a similar situation, "[g]iven this conflicting evidence on the material elements of the claims and counterclaims in this case, the Court cannot conclude that plaintiff is 'likely' to obtain judgment against defendant, as required by Ohio Rev. Code § 2715.011(A)." *Enable Healthcare*, *supra*, 2016 WL 6821980 at *3.

## Conclusion

It is, therefore,

ORDERED THAT M.K.'s motion for prejudgment attachment (Doc. 115) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr  
Sr. U.S. District Judge