# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Justin Browning, *et al.*,                                Case No. 3:15CV2687

       Plaintiffs

University of Findlay, *et al.*,                          **ORDER**

,

       Defendants

      This is an insurance dispute.

      In 2014, the University of Findlay expelled two students, plaintiffs Justin Browning and Alphonso Baity, after concluding that they sexually assaulted M.K., an adult female student. Browning and Baity sued the University, contending that it discriminated against them on the basis of race and gender during the investigation into M.K.'s allegations and in deciding to expel them. (*See* Doc. 1 at 32-42).

      Claiming that their sexual encounter with M.K. was consensual, plaintiffs also sued M.K. for defamation. (*See id.* at 51-52). M.K. responded with a counterclaim alleging that Browning and Baity had sex with her even though, due to her severe intoxication, she was incapable of consenting. (*See* Doc. 7 at 19, ¶ 9).

      Thereafter, Allstate Indemnity Company and Allstate Insurance Company (collectively, Allstate), which had issued a homeowner's policy to Browning's parents, filed a separate

lawsuit.[1] Allstate sought declaratory judgment that it had no duty to indemnify or defend Browning against M.K.'s allegations. (*See* Allstate Indem. Co. v. Browning, 3:18CV1097, Doc. 1, Ex. 1). I subsequently consolidated the Allstate lawsuit with this case. (Doc. 92). In an October 11, 2018 opinion, I determined that Michigan law governs the policy's interpretation. *See Browning v. Univ. of Findlay*, 2018 WL 4932462 (N.D. Ohio) (Carr, J.).

Now pending is Allstate's motion for summary judgment (Doc. 111). For the reasons that follow, I grant the motion.

## Background

### A. Allegations in the Counterclaim

M.K. alleges that she attended a party at the "Mascot House" on September 20, 2014. (Doc. 7 at 18, ¶¶4–5). There M.K. both "voluntarily and . . . at the insistence of others, consumed alcohol to the point where she was grossly intoxicated." (*Id.*, ¶4).

Someone then drove M.K. to Browning and Baity's off-campus residence. (Doc. 69–1 at 57). According to M.K., Browning and Baity "should have known, but failed to recognize or acknowledge, that [she] was not able to consent to any sexual activity." (Doc. 7 at 18, ¶5). Despite "numerous signs that [M.K.] was incapable of consenting to sexual activity," Browning and Baity had oral and vaginal sex with M.K. (*Id.*, ¶6).

M.K. also alleges that Browning and Baity "photographed" her "during and after the sexual activity," either without her knowledge or over her objection. (*Id.*, ¶7). Browning and Baity then published those photos, "which were graphic, obscene, [and] humiliating[.]" (*Id.*).

---

[1] Allstate originally filed its lawsuit in Michigan state court. Browning then removed the case to the U.S. District Court for the Eastern District of Michigan. The Michigan district court later granted Browning's motion to transfer venue to this court. (3:18CV1097, Doc. 10).

2

Based on these allegations, M.K.'s counterclaim asserts claims for negligence, breach of contract, and invasion of privacy.

### B. M.K.'s Testimony

At her deposition, M.K. testified that she did not "sustain physical injury" – "no bruises, no – anything like that" – from the sexual contact with Browning and Baity. (Doc. 69–1 at 83).

She did testify, however, that she "got a UTI" – a urinary tract infection – "as a result of" the alleged sexual assault. (Doc. 69–1 at 83).

On September 30, 2014 – ten days after the alleged assault – M.K. went to a campus medical clinic, where she complained to a nurse that she had a UTI. (*Id.* at 89–90; Doc. 81–3 at 14). Asked at her deposition how she knew she had a UTI, M.K. testified, "I'm very sensitive . . . And it happens to me practically every time after I have sex." (Doc. 69–1 at 83). M.K. explained that her "urine was cloudy" and "[i]t hurt to pee," which she recognized as symptoms of a UTI. (*Id.* at 90). M.K. did not know how long "those symptoms [had] been going on[.]" (*Id.*).

M.K. could not remember if any medical professional determined that she had a UTI at that time or that any such UTI was a result of the sexual contact with Baity or Browning. (*Id.* at 83, 89).

M.K. also testified that she noticed "a bunch of red dots down [her] throat" after having sexual contact with Baity and Browning. (*Id.* at 66). Julia Yingling, a nurse who saw M.K. during her September 30 visit to the campus clinic, testified that she noticed "petechiae on the roof of [M.K.'s] mouth," which Yingling described as "broken tiny little blood vessels." (Doc. 81–3 at 14, 19).

M.K. could not recall if a "medical professional . . . told [her] that these spots were a result of having sex with Baity or Browning[.]" (Doc. 69–1 at 90; *see also id.* at 87).

### C. Allstate's Insurance Policy

Allstate issued a homeowner's insurance policy, under which Browning is an insured, to Browning's parents. The policy covers claims for "bodily injury or property damage arising from an occurrence." (Doc. 111-1 at 74).

Under the policy, "occurrence" means "an accident . . . resulting in bodily injury or property damage." (*Id.* at 9).

The policy defines "bodily injury" as "physical harm to the body, including sickness or disease, and resulting death." (*Id.* at 8).

A policy exclusion bars coverage, however, for "bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." (*Id.* at 75-76).

### D. The State Farm Opinion

In a September 5, 2018 opinion, I granted State Farm Fire and Casualty Company's motion for summary judgment, finding that that State Farm owed Baity no coverage. *See Browning v. Univ. of Findlay*, 2018 WL 4223209 (N.D. Ohio) (Carr, J.).[2] The relevant language in State Farm's policy is substantially similar to that in Allstate's policy (*See* Doc. 68-1 at 17-18, 31-32), but Ohio, not Michigan, law governs State Farm's policy. *See* 2018 WL 422309 at *3.

### Standard of Review

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment where: 1) the movant shows there is no dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); and 2) the opposing party cannot prove an element of its claim. *Id.* 322.

---

[2] I refer to this decision as the "State Farm Opinion."

4

In opposing the motion, the nonmoving party must, under Rule 56, submit admissible evidence of "specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

I must accept the non-movant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

**Analysis**

Allstate argues that it owes no duty to defend or indemnify Browning against M.K.'s claims because 1) "M.K.'s alleged injuries fail to satisfy the definition of bodily injury;" 2) "M.K.'s alleged injuries did not arise from an 'occurrence'" because they resulted from Browning's intentional conduct, rather than an accident; and 3) the policy's "Intentional Act Exclusion" precludes coverage. (Doc. 111 at 13, 16, 20). State Farm raised almost identical arguments in its summary judgment motion. (*See* Doc. 68).

Rather than respond to Allstate's arguments, Browning "incorporates by reference the arguments raised by Plaintiff Baity in his response to State Farm's Motion for Summary Judgment." (Doc. 119 at 2). Browning adopts Baity's arguments because 1) Browning's arguments "will be substantially similar to those raised by Plaintiff Baity"; 2) the State Farm Opinion "is likely dispositive of Allstate's Motion for Summary Judgment"; and 3) "it does not appear that Michigan law is materially different than Ohio law on the salient issues." (*Id.* at 1-2).

**A. Duty to Defend**

In Michigan, as in Ohio, an insurer's duty to defend is broader than the duty to indemnify. "The duty to defend arises in instances in which coverage is even arguable, though the claim may be groundless or frivolous. Consistent with this premise, any analysis of an insurer's duty to defend must begin with an examination of whether coverage is possible." *Marlo*

5

*Beauty Supply, Inc. v. Farmers Ins. Grp. of Cos.*, 575 N.W. 2d 324, 315 (Mich. App. 1998) (internal citation omitted).

Browning "bears the burden to establish that his claim falls within the terms of the policy." *Heniser v. Frankenmuth Mut. Ins. Co.*, 534 N.W.2d 502, 510 (Mich. 1995) (internal citations omitted).

### B. M.K. Identifies No Bodily Injury That Arose Out of Browning's Alleged Conduct

Browning must identify a "bodily injury," as the Allstate policy defines that term, that "ar[ose] from" the alleged assault.[3] (*See* Doc. 111-1 at 74). Neither the UTI nor the petechiae in M.K.'s mouth satisfies this requirement.[4]

As I explained in the State Farm Opinion, M.K. has not provided evidence showing she actually sustained a UTI in the days following the alleged assault. *See* 2018 WL at *3.

Moreover, the evidence in the record does not connect Browning's sexual contact with M.K. to the UTI or the petechiae in M.K.'s mouth.

Michigan courts, like Ohio courts, regularly require expert evidence to establish an injury's cause. *See Gainey v. Sieloff*, 415 N.W.2d 268, 541 (Mich. App. 1987); *see also Gallagher v. Parshall*, 296 N.W.2d 132, 135 (Mich. App. 1980). Moreover, "the case law recognizes that 1) many things can cause a UTI; and 2) the cause-and-effect relationship between a set of causal circumstances and the resulting presence of a UTI is often the subject of expert testimony." 2018 WL 4223209 at *4 (collecting cases); *see also*, *e.g.*, *Michigan v. Latimer*, 1999

---

[3] I assume, without deciding, that the alleged assault is an "occurrence."

[4] Moreover, M.K.'s mental anguish (*see* Doc. 69-1 at 336) does not result in coverage because Michigan law "require[s] at least some physical manifestation of mental injuries" to establish a bodily injury. *Greenman v. Mich. Mut. Ins. Co.*, 433 N.W.2d 346, 348-49 (Mich. App. 1988).

WL 334535770, *1 (Mich. App.) (admitting examining physicians' testimony that sexual abuse caused victim's UTI); *Wirtz v. Ford Motor Co.*, 2008 WL 565260 (E.D. Mich.) (explaining that "[f]ailure to immediately use the bathroom upon need may result in . . . urinary tract infections").

Accordingly, "expert testimony is needed to prove that the sexual contact between [Browning] and M.K. caused M.K. to develop a UTI[5] – and thus, a 'bodily injury' within the policy's coverage." 2018 WL 4223209 at *4. Such evidence is also necessary to prove that the alleged assault caused the petechiae to appear in M.K.'s mouth. *See id.*

M.K. provides scant evidence, let alone expert testimony, to show that the alleged assault caused her to develop a UTI or the petechiae in her mouth. Her belief that Browning's conduct caused these conditions "is not evidence; it is speculation." *Id.*

I therefore conclude, as I did in the State Farm Opinion, 2018 WL 4223209, that a reasonable jury could not find, based on the record evidence, that Browning's alleged assault led to a "bodily injury."

### Conclusion

It is, therefore

ORDERED THAT

Allstate Indemnity Company and Allstate Insurance Company's motion for summary judgment (Doc. 111) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[5] I also found in the State Farm Opinion that expert testimony is needed in light of the ten-day delay between the alleged assault and M.K's visit to the clinic and M.K.'s testimony that she is prone to develop UTIs. 2018 WL 4223209 at *4.